[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2009
THOMAS K. KAHN
CLERK

No. 08-15320
Non-Argument Calendar
_____

D. C. Docket No. 08-01966-CV-TWT-1

TRACY ANTHONY MILLER,

Petitioner-Appellant,

versus

BUDDY D. NIX, JR.,
Chairman, Board of Pardons and Parole Member,
HILTON HALL, Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 23, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Tracy Anthony Miller, a state prisoner, appeals pro se the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2241. The district court dismissed Miller's petition on procedural grounds and later granted Miller a certificate of appealability to address the merits of one issue in the petition. We vacate the order that granted Miller a certificate of appealability and remand.

Miller filed a petition for a writ of habeas corpus that challenged the denial of parole by the Georgia Board of Pardons and Paroles. Miller argued that the Board applied retroactively new rules and regulations that violated his rights to due process, equal protection, and the Ex Post Facto clause, and increased his punishment in violation of the Eighth Amendment. A magistrate judge recommended that the district court dismiss sua sponte Miller's petition on the ground that Miller's complaint was not cognizable in a petition for a writ of habeas corpus. In the alternative, the magistrate judge dismissed the petition because Miller failed to exhaust his state remedies. The district court overruled Miller's objections, adopted the recommendation of the magistrate judge, and dismissed Miller's petition.

Miller filed a notice of appeal and repeated two issues that he raised in his petition for a writ of habeas corpus. Miller argued that the retroactive application

2

of new rules to his application for parole violated the Ex Post Facto clause and the extension of his sentence constituted cruel and unusual punishment. The district court treated Miller's notice of appeal as a motion for a certificate of appealability and granted a certificate to address "whether the Parole Board . . . violated [Miller's] rights under the Ex Post Facto clause of the United States Constitution." The district court did not mention in its order the procedural grounds for the dismissal of Miller's petition.

We will not address the merits of Miller's petition. "When a district court dismisses a petition [on procedural grounds], it is inappropriate to grant a [certificate] on the constitutional claim . . . ." Ross v. Moore, 246 F.3d 1299, 1300 (11th Cir. 2001). We **VACATE** the order that granted Miller a certificate of appealability and **REMAND** to the district court for the limited purpose of determining if a certificate of appealability should be granted to address (1) whether Miller can challenge the denial of parole by the state parole board in a petition for a writ of habeas corpus and (2) whether Miller failed to exhaust his state remedies.

**VACATED** and **REMANDED**.