[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12938
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-20799-UU

DOUGLAS TARON EDWARDS,

Plaintiff-Appellant,

versus

KATHERINE FERNANDEZ-RUNDELL,
Miami-Dade County State Attorney,
DAVA TUNIS,
Miami-Dade County 11th Circuit Court Judge,
COLLEEN KAY,
Assistant State Attorney For Miami-Dade County,
J. SCOTT DUNN,
Assistant State Attorney For Miami-Dade County,
WARDEN, FLORIDA STATE PRISON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 18, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Edwards appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint. First, Edwards argues that the district court abused its discretion when it denied his preliminary injunction requesting transfer to the custody of Miami-Dade County. Second, he argues that the district court erred in dismissing his complaint for failure to state a claim because he demonstrated that the defendants' conduct violated the Constitution by restraining him in state prison based on an erroneously entered judgment. Finally, he argues that the district court abused its discretion when it failed to grant him leave to amend his complaint prior to dismissal. After careful review, we affirm.

We review *de novo* a dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). We liberally construe *pro se* pleadings. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Once a final judgment is rendered, an appeal is properly taken from the final judgment, not the preliminary injunction. *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992).

In *Hutcherson v. Riley*, 468 F.3d 750 (11th Cir. 2006), we explained the differences between a § 1983 civil rights action and a 28 U.S.C. § 2254 habeas claim:

> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.  When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983.  However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254.

*Id.* at 754.  In addition, declaratory or injunctive relief claims that raise habeas corpus claims are not cognizable under § 1983.  *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).

We have held that even when the plaintiff did not seek leave to amend until after final judgment, where a more carefully drafted pleading might state a claim, a plaintiff must be given at least one chance to amend the complaint prior to dismissal.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  With respect to counseled defendants who failed to request leave to amend, we overruled this holding.  *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  But *pro se* litigants are held to a less stringent standard, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), and our decision in *Wagner*

3

did not disturb our decision in *Bank* with respect to a *pro se* litigant's right to amend. *See Wagner*, 314 F.3d at 542 n.1.

Upon review of the record and upon consideration of the parties' briefs, we conclude that the district court did not err in dismissing Edwards's complaint.

The district court rendered final judgment, and therefore, Edwards's appeal is properly taken from the final judgment, not the preliminary injunction. *Burton*, 953 F.2d at 1272 n.9. Because Edwards challenges the fact that he is being held in the custody of the Florida State Prison system, on the basis of the underlying judgment, his claim must be raised in a § 2254 habeas petition, not a § 1983 complaint. *See Hutcherson*, 468 F.3d at 754. If a court were to conclude that Edwards's commitment to the Florida State Prison system based on his conviction was unconstitutional, this would necessarily imply that his conviction was invalid.[1] *See id.* Therefore, the district court did not err in dismissing Edwards's § 1983 complaint. Furthermore, the district court properly declined to grant Edwards leave to amend his complaint because even a more carefully drafted complaint could not state a claim under § 1983. *See Bank*, 928 F.2d at 1112.

Based on these considerations, we affirm.

---

[1] Even if we were to accept that Edwards's § 1983 claim is based on the place of his confinement, Edwards's claim would still fail to state a claim for relief. The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Olim v. Wakinekona*, 461 U.S. 238, 248 (1983).

**AFFIRMED.**