[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 8, 2011
JOHN LEY
CLERK

_____

No. 11-13962

_____

D.C. Docket No. 1:11-cv-23068-JEM

MANUEL A. VALLE,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2011)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Death row inmate, Manuel Valle, filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2254. He complains that he was denied clemency proceedings

or alternatively was denied clemency itself without the benefit of a clemency investigation and clemency counsel.

Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when issuance of a writ would not actually or impliedly invalidate a sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 1247–48 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner"); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (recognizing that § 1983 and § 2254 proceedings are "mutually exclusive" so that if a claim can be properly raised in one of those proceedings it cannot be raised in the other type of proceeding). Federal habeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 485–86, 93 S. Ct. 1827, 1834 (1973) (discussing the traditional scope of habeas corpus relief). Even if successful, Valle's claim would not necessarily lead to his speedier release, a commutation of his sentence, or even the implication that his sentence is invalid. The most Valle can hope for is an opportunity to plead for mercy. Valle's constitutional claims about clemency procedures are collateral to his conviction and sentence, and are not cognizable in

2

this § 2254 proceeding. His complaint about Florida's clemency procedures may only be brought under 42 U.S.C. § 1983.

Valle also argues that if Florida clemency procedures were improperly applied in his case the entire Florida capital sentencing scheme is unconstitutional and, as a result, his death sentence (along with those of everyone else on Florida's death row) is unconstitutional and must be set aside. The argument is without merit. It is undisputed that Florida law provides clemency proceedings and for the appointment of counsel for those who are being considered for clemency. Any problem with the application of those constitutionally adequate procedures in a single case would not render the entire Florida capital punishment statute unconstitutional and any death sentences imposed under it invalid.

To the extent that Valle argues he is entitled to clemency, his argument fails. Clemency is granted as "a matter of grace." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280–81, 118 S. Ct. 1244, 1250 (1998). The Florida Constitution vests the clemency power solely in the executive branch, and exercise of the power is discretionary. Fla. Const. art. IV, § 8; *Sullivan v. Askew*, 348 So. 2d 312, 314–16 (Fla. 1977). Valle thus has no right to clemency that he may enforce through his habeas petition. The district court correctly dismissed Valle's § 2254 petition.

Alternatively, Valle requests this Court to stay the execution and remand to the district court so that counsel may be appointed and the complaint can be raised under § 1983. But Valle has not shown a significant or substantial likelihood of success on the merits of his clemency claim or claims. See Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 2104 (2006) (stay of execution requires "showing of a significant possibility of success on the merits"); DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011) ("A stay of execution is equitable relief which this Court may grant only if the moving party shows that: (1) he has a substantial likelihood of success on the merits . . .") (internal marks omitted); Powell v. Thomas, 641 F.3d 1255, 1257 (11th Cir. 2011) ("This Court may grant a stay of execution only if the moving party shows that: (1) he has a substantial likelihood of success on the merits . . ."). Accordingly, his request is denied.

AFFIRMED.