[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 28, 2011
JOHN LEY
CLERK

_____

No. 11-14447
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00953-MMH-JRK

MANUEL VALLE,

Plaintiff - Appellant,

versus

GOVERNOR RICK SCOTT,
in his official capacity as the Governor of Florida,
and member of the Board of Executive Clemency,
PAM BONDI,
in her official capacity as member of the
Board of Executive Clemency,
JEFF ARTWATER,
in his official capacity as member of the
Board of Executive Clemency,
ADAM H. PUTNAM,
in his official capacity as member of the
Board of Executive Clemency,
TENA M. PATE,
in official capacity as member of the
Board of Executive Clemency,
MONICA DAVID,
in her official capacity as member of the
Board of Executive Clemency,
KENNETH S. TUCKER,
in his official capacity as the Secretary,
Florida Department of Corrections,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2011)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Death row inmate, Manuel Valle, appeals the district court's denial of his motion to stay his execution. Valle filed a complaint alleging violations of his constitutional rights on September 23, 2011, and he requests the court stay his execution so that his claims may be heard. Valle is scheduled to be executed today, Wednesday, September 28, 2011, at 4:00 p.m. Because Valle has not shown a substantial likelihood of success on the merits we affirm the district court.

Valle contends his execution will violate the Eighth and Fourteenth Amendments to the United States Constitution because he says he was denied clemency proceedings or alternatively was denied clemency itself without the benefit of a clemency investigation and clemency counsel. Valle previously litigated clemency claims in Florida state court, and the district court questioned

2

whether the *Rooker–Feldman*[1] doctrine precluded review of Valle's claims in federal district court.

We are not convinced that the *Rooker–Feldman* doctrine bars the exercise of jurisdiction here. "The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). The doctrines of issue or claim preclusion may bar Valle's clemency claims, but we are not convinced that dismissal is warranted for lack of jurisdiction.

Turning then to Valle's motion to stay his execution, the district court concluded Valle failed to meet his burden of persuasion. A prisoner moving to stay his execution bears the burden of showing:

(1) he has a substantial likelihood of success on the merits;
(2) he will suffer irreparable injury unless the injunction issues;
(3) the stay would not substantially harm the other litigant; and
(4) if issued, the injunction would not be adverse to the public interest.

---

[1]The doctrine is named after two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

*DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011) (citation omitted).

This court previously declined to stay Valle's execution because Valle had not shown a substantial likelihood of success on the merits. *Valle v. Sec'y Fla. Dep't of Corrs.*, __ F.3d __, 2011 WL 3925753, at *2 (11th Cir. Sept. 8, 2011) (per curiam). We agree with and adopt the district court's reasoning on this issue. A stay of Valle's execution is not appropriate.

**AFFIRMED**.