PER CURIAM: .
Petitioner Chadwick D. Banks was sentenced to death for sexually battering and then murdering his ten-year-old step daughter after he murdered her mother. His execution is scheduled for 6:00 p.m. today. Yesterday Mr. Banks appealed the district court’s denial of his 42 U.S.C. § 1983 action seeking a temporary restraining order and stay of his execution. *772 Upon thorough consideration of the parties’ arguments and the prevailing law, we find that Mr. Banks is not entitled to relief.
Mr. Banks alleges violations of his Eighth and Fourteenth Amendment rights under the Constitution of the United States. First, Mr. Banks argues that he was denied effective assistance of post-conviction counsel, which resulted in him being deprived of a fair opportunity to show that his execution is prohibited by the Constitution. Second, Mr. Banks argues that Florida’s clemency process is unconstitutional.
Background
In 1994 Mr. Banks pled guilty to two counts of first-degree murder and one count of capital sexual battery on a child under the age of twelve. The jury in the capital-penalty phase trial recommended that Mr. Banks be sentenced to death by a vote of 9-8 for the murder of his stepdaughter. The trial court followed the jury’s recommendation and sentenced Mr. Banks to death. The Florida Supreme Court upheld Mr. Bank’s convictions and sentences on direct appeal. Banks v. State, 700 So.2d 363, 368 (Fla.1997) (per curiam).
In 1999 Mr. Banks filed his first motion for post-conviction relief in state court. The motion was denied and on appeal the ruling was eventually affirmed by the Florida Supreme Court. Banks v. State, 842 So.2d 788, 793 (Fla.2003) (per curiam). In 2010 Mr. Banks filed another motion for post-conviction relief in state court. The motion was denied and on appeal that ruling was eventually affirmed by the Florida Supreme Court. Banks v. State, 97 So.3d 821 (Fla.2012) (per curiam).
In 2004 Mr. Banks filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Florida. The petition was ultimately dismissed as untimely. Banks v. Crosby, 2005 WL 5899837 (N.D.Fla. July 29, 2005). We affirmed the district court’s decision. Banks v. Sec’y, Fla. Dep’t of Corr., 491 Fed.Appx. 966, 971 (11th Cir.2012), cert. denied, — U.S. -, 134 S.Ct. 118, 187 L.Ed.2d 85 (2013).
Governor Scott signed Mr. Banks’ death warrant on September 22, 2014. On October 9, 2014, Mr. Banks filed another motion for post-conviction relief in state court. The motion was denied, and on appeal the ruling was eventually affirmed by the Florida Supreme Court. Banks v. State, 150 So.3d 797 (Fla.2014). On November 6, 2014, Mr. Banks filed a petition for writ of certiorari in the United States Supreme Court from the Florida Supreme Court’s denial of relief, which is still pending.
On November 10, 2014 Mr. Banks filed this action in the United States District Court for the Northern District of Florida. The following day the district court dismissed Mr. Banks’ claims. This appeal followed on November 12, 2014.[1] Mr. Banks is scheduled to be executed November 13, 2014.
Standard of Review
A preliminary injunction such as a stay of execution is appropriate only if the mov-ant demonstrates: “(1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest.” Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir.), cert. de *773 nied — U.S. -, 134 S.Ct. 1156, — L.Ed.2d -(2014).
We review a district court’s denial of a stay of execution for abuse of discretion. Powell v. Thomas, 641 F.3d 1255, 1257 (11th Cir.2011) (per curiam); Valle v. Singer, 655 F.3d 1223, 1225 (11th Cir.2011) (per curiam).
Discussion
I. Ineffective Assistance of Counsel
We do not reach the merits of Mr. Banks’ constitutional claim for ineffective assistance of post-conviction counsel because the district court was correct in its determination that the § 1983 claim is barred by the statute of limitations. All constitutional claims brought under § 1983 are tort actions, subject to statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. 42 U.S.C. § 1983. In Florida the statute of limitations for personal injury actions is four years from when the-claim accrued. See Henyard v. Sec’y DOC, 543 F.3d 644, 647 (11th Cir.2008) (per curiam). “It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action.” McNair v. Allen, 515 F.3d 1168, 1174 (11th Cir.2008) (internal quotation marks omitted).
Mr. Banks argues that his § 1983 claim accrued when the Florida Legislature, the Governor, and the Florida Supreme Court refused to provide him with an opportunity to challenge the constitutionality of his death sentence and as such the applicable statute of limitations should be measured from the day the Governor signed his death warrant. We cannot agree.
The crux of Mr. Banks’ complaint is that his state appointed post-conviction counsel was ineffective when he missed the deadline for filing a federal habeas petition under 28 U.S.C. § 2254. We agree with the district court that Mr. Banks’ claim accrued at the very latest on October 6, 2003, when his newly appointed attorney notified him of the missed deadline. Therefore, we hold that Mr. Banks’ claim is barred by the statute of limitations.
II. Clemency
Mr. Banks next alleges that Florida’s clemency process violates his constitutional rights to equal protection and due process of law. Mr. Banks argues Florida’s clemency process is constitutionally inadequate because (1) the clemency board is composed of elected politicians; (2) his post-conviction counsel was not statutorily allowed to represent him in the proceeding; (3) his clemency counsel was ineffective; and (4) no death-sentenced inmate has been granted clemency in Florida in over thirty-one years. We cannot agree.
There is no constitutional right to clemency. See Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 279-85, 118 S.Ct. 1244, 1249-52, 140 L.Ed.2d 387 (1998). An appeal for clemency “is simply a unilateral hope.” Id. at 282, 118 S.Ct. at 1250 (internal quotation marks omitted). We agree with the district court that in order for a claim of alleged violations of due process and equal protection in a clemency proceeding to succeed, the violation must be grave, such as where “a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process.” Id. at 289, 118 S.Ct. at 1254. That is not the case here. Mr. Banks has made no conceivable allegation that is sufficient to establish that Florida’s clemency process is as arbitrary as a coin flip or that he was denied access to Florida’s clemency process. On the contrary, Mr. Banks seems to assert that the decision of the clemency board *774 might be influenced by an elected politician’s perception of public opinion. Therefore, we conclude that the district court’s decision to deny Mr. Banks a stay of execution was not an abuse of discretion.
Conclusion
For the reasons stated, Mr. Banks’ request for a stay of execution is DENIED.
AFFIRMED.

. Mr. Banks’ motion to exceed the word count is GRANTED.