[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10952
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00604-MW-CAS

CHADWICK BANKS,

Plaintiff - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,
GOVERNOR OF THE STATE OF FLORIDA,
JEFF ATWATER,
Chief Financial Officer,
ADAM H. PUTNAM,
Commissioner of Agriculture in his Official Capacity
and as Members of the Clemency Board of Florida, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 7, 2016)

Before ED CARNES, Chief Judge, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Terri L. Backhus, attorney for deceased death row inmate Chadwick Dewellyn Banks, appeals the district court's denial of Banks's nunc pro tunc motion for appointment of Backhus as counsel to represent Banks in his 42 U.S.C. § 1983 action. This appeal requires us to determine whether a district court may decline to "extend" an attorney's 18 U.S.C. § 3599(a)(2) appointment to include a 42 U.S.C. § 1983 action and related application for stay of execution under 18 U.S.C. § 3599(e) if the § 1983 claims were conclusively time barred or wholly futile. We answer that question in the affirmative and affirm the judgment of the district court.

I

We previously outlined Banks's case in detail in *Banks v. Sec'y, Fla. Dep't of Corr.*, 592 F. App'x 771 (11th Cir. 2014) (per curiam). Relevant to this appeal are the motions Backhus filed on behalf of Banks just before Banks's execution. While Banks's 28 U.S.C. § 2254 petition for federal habeas relief was pending before the District Court for the Northern District of Florida, Banks's counsel withdrew, and Banks requested that Backhus be appointed as his federal habeas

counsel.[1]  The district court granted the motion for appointment but ultimately dismissed the § 2254 petition as untimely.  *Id.* at 772.

On November 10, 2014, Backhus filed, on Banks's behalf in federal district court, a § 1983 action alleging violations of Banks's Eighth and Fourteenth Amendment rights and a related application for stay of execution "pending disposition of his pending Emergency Complaint pursuant to 42 U.S.C. § 1983." The complaint included a "constitutional claim for ineffective assistance of [state appointed] post-conviction counsel" and a claim "that Florida's clemency process violate[d] [Banks's] constitutional rights to equal protection and due process of law."  *Id.* at 773.  The district court denied Banks's request for a stay on November 11, 2014.  *Id.* at 772.  On November 13, 2014, we affirmed.  *Id.* at 774.  Separately, the Supreme Court denied a petition for writ of certiorari.  *Banks v. Florida*, 135 S. Ct. 511, 511–12 (2014) (mem.).  Banks was executed that evening.

---

[1] The 2005 motion sought appointment of Backhus "to represent Mr. Banks in his Sec. 2254 federal habeas proceedings pursuant to 28 U.S.C. sec. 848," and stated that "[Banks's recently withdrawn counsel] had been appointed . . . pursuant to Criminal Justice Act[,] 28 U.S.C. Sec. 848."  In fact, Banks's recently withdrawn counsel was appointed pursuant to 21 U.S.C. § 848(q)(4)(B); 28 U.S.C. § 848 does not, and did not, exist.  Therefore, we presume that the 2005 motion actually sought appointment under 21 U.S.C. § 848 and understand the reference to 28 U.S.C § 848 to be a typo.

The appropriate subsection for Banks's requested appointment of federal habeas counsel would have been 21 U.S.C. § 848(q)(4)(B).  To the extent Backhus contends that 18 U.S.C. § 3006A is the relevant provision, the Supreme Court has explained that "[i]n 1988, Congress enacted the legislation now known as § 3599 to govern appointment of counsel in capital cases, thus displacing § 3006A for persons facing execution (but retaining that section for all others)." *See Martel v. Clair*, 565 U.S. ___, ___, 132 S. Ct. 1276, 1284 (2012).

3

On November 13, 2014, Backhus also learned that her original appointment as Banks's counsel was not considered to include representation of Banks in his § 1983 action. Accordingly, Backhus filed, on behalf of Banks, a motion to appoint Backhus as counsel for that representation nunc pro tunc to October 1, 2014. Judge Vinson denied that motion on November 14, 2014. However, the motion had been incorrectly filed before Judge Vinson. Therefore, Backhus "refiled" the motion before Judge Walker on January 27, 2015, requesting appointment for her work in Banks's § 1983 action nunc pro tunc to November 7, 2014. Judge Walker denied the motion based on his determination that Banks's § 1983 claims "were wholly futile" and, therefore, undeserving of federally funded counsel under § 3599. Backhus filed this appeal.[2]

## II

"We review the [d]istrict [c]ourt's interpretation of § 3599 de novo." *Gary*, 686 F.3d at 1272–73. However, we review a district court's decision not to extend representation under § 3599(e) only for an abuse of discretion. *See Christeson v. Roper*, 574 U.S. \_\_\_, \_\_\_, 135 S. Ct. 891, 894 (2015) (per curiam).

## III

---

[2] Though Backhus titled the relevant 2014 motion a "motion for appointment of counsel," the motion was effectively seeking to "expand the authorized scope of her representation" under § 3599. *See Harbison v. Bell*, 556 U.S. 180, 182–83, 129 S. Ct. 1481, 1484–85 (2009). We have jurisdiction to review a district court's denial of a motion to expand representation under § 3599. *See id.* (locating jurisdiction in 28 U.S.C. § 1291); *see also Gary v. Warden, Ga. Diagnostic Prison*, 686 F.3d 1261, 1271 n.21, 1272 n.26 (11th Cir. 2012) (same).

Backhus was appointed to represent Banks in his 28 U.S.C. § 2254 federal habeas proceedings under 21 U.S.C. § 848(q)(4)(B)—the predecessor statute to 18 U.S.C. § 3599(a)(2).[3] Section 3599(a)(2) provides in relevant part:

> In any post conviction proceeding under [28 U.S.C. §§ 2254 or 2255], seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . *shall be entitled* to the appointment of one or more attorneys . . . in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2) (emphasis added). In fact, § 3599(a)(2) creates a mandatory statutory right to counsel for indigent death row inmates to pursue federal habeas relief under §§ 2254 or 2255. *See Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (per curiam). The subsequent subsections further define the representation available. Relevant to this case is subsection (e), which provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

---

[3] The predecessor and modern statutes are identical in all relevant respects. *See, e.g.*, *Harbison*, 556 U.S. at 190, 129 S. Ct. at 1489; *Gary*, 686 F.3d at 1263 n.4 (court "referred to [attorney's] appointments [pursuant to 21 U.S.C. § 848(q)(4)(B)] as if they were made under § 3599 for the sake of clarity" because "[t]he relevant language of the two statutes is the same.")

5

The language of § 3599(e) appears to be broad, requiring counsel appointed under § 3599(a) to "continue to represent the prisoner 'throughout *every* subsequent stage of available judicial proceedings,'" *see Gary*, 686 F.3d at 1273, but it is limited in two important ways. First, in the case of an attorney appointed under § 3599(a)(2) to represent a § 2254 petitioner, representation under § 3599(e) is generally limited to "those proceedings that *ordinarily* occur subsequent" to "the filing of the [federal] habeas petition." *See id.* at 1273–74 (emphasis added).[4] Second, although a proceeding may be of a type that typically arises subsequent to

---

[4] Some § 1983 actions are of the type that "ordinarily occur subsequent" to the filing of a § 2254 petition. For example, Banks's § 1983 challenge to the constitutionality of Florida's clemency process is of that type. "A clemency proceeding, by its nature, will typically occur subsequent to the prisoner's unsuccessful collateral attack on the constitutional validity of his conviction or death sentence." *Gary*, 686 F.3d at 1275. Correlatively, a § 1983 challenge to the constitutionality of a clemency proceeding will also ordinarily follow a § 2254 proceeding. Section 1983 is the appropriate vehicle by which to bring a challenge to the constitutionality of a clemency proceeding. *See Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011) (per curiam). Therefore, a § 1983 action challenging the constitutionality of a state's clemency process would qualify as a "subsequent proceeding" under § 3599(e) where counsel has been appointed under § 3599(a)(2) to represent a § 2254 petitioner.

We are unpersuaded by the appellees' argument that section 210.20.50(c) of the Judicial Conference's Criminal Justice Act (CJA) Guidelines precludes CJA compensation for all § 1983 actions brought on behalf of prisoners. *See* 7 Guidelines for Administration of Criminal Justice Act § 210.20.50(c). The plain language of a statute trumps contradictory language in advisory guidelines. *See United States v. Hill*, 783 F.3d 842, 846 (11th Cir. 2015). For example, in this case, Banks's § 1983 action was filed to pursue additional judicial process, in conjunction with a request for stay of execution, and therefore fell within the "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures" language of § 3599(e). That is, where a § 1983 claim is brought with or implicitly seeks a stay of execution, § 3599(e)'s express reference to "stays of execution" displaces the CJA Guidelines' generic reference to § 1983 actions to the extent that the latter would preclude all § 1983 claims. *See also Hooper v. Jones*, 536 F. App'x 796, 800 & n.6 (10th Cir. 2013) (holding that prisoner's § 1983 method-of-execution action constituted "pursu[it of] an *appropriate procedure* seeking a *stay of execution*—a course that tracks the specific language in § 3599(e) identifying judicial proceedings to which a CJA appointment properly extends.").

6

the filing of a federal habeas petition, a district court may decline to extend the attorney's representation under § 3599(e) to pursue claims that are "wholly futile," such as "claims that are conclusively time barred or could not form the basis for . . . relief." *See Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259 (11th Cir. 2014).

The district court here did not abuse its discretion in declining to extend Backhus's § 3599 representation to cover her work on either of Banks's § 1983 claims. In an earlier stage of this litigation, we concluded that Banks's claim of ineffective assistance of state appointed post-conviction counsel was clearly time barred. *See Banks*, 592 F. App'x at 773. Additionally, we effectively determined that Banks's challenge to the constitutionality of Florida's clemency process was futile because he "made no conceivable allegation" that would have established a claim for relief. *See id.* Therefore, the district court did not abuse its discretion in refusing to "expand" Backhus's authorized representation under § 3599(e) to include work performed on Banks's § 1983 action.

IV

For the reasons stated, the district court's denial of Banks's nunc pro tunc motion for appointment of Backhus as counsel to represent Banks in his § 1983 action and related application for stay of execution is

**AFFIRMED**.

ED CARNES, Chief Judge, concurring:

I concur in the result the Court reaches, which is to affirm the district court's denial of the motion for appointment, after the fact, of attorney Terri L. Backhus to represent Chadwick Banks in his 42 U.S.C. § 1983 lawsuit and related application for stay of execution.  And I agree that the reason it was proper to deny that motion is that the § 1983 lawsuit was futile.  We need say nothing more. All else is dicta.