[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12428
Non-Argument Calendar

_____

D.C. Docket Nos. 4:18-cv-00272-SCJ,
4:19-cv-00006-SCJ


RANDY EDWARDS,

Petitioner-Appellant,

versus

STATE OF GEORGIA,
GEORGIA DEPARTMENT OF CORRECTIONS,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2020)

Before ROSENBAUM, GRANT and MARCUS, Circuit Judges.

PER CURIAM:

Randy Edwards appeals the district court's denial of his pro se 28 U.S.C. § 2254 petition as successive and as raising claims that are not cognizable in a § 2254 petition. On appeal, Edwards argues that his convictions and sentences are void because the state court judge abused his authority by failing to comply with the canons of judicial conduct and rules regarding recusal and conflicts of interest. After thorough review, we affirm.

We review de novo a district court's dismissal of a 28 U.S.C. § 2254 petition as successive. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017). An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: (1) a petition for habeas corpus under § 2254 and (2) a complaint under 42 U.S.C. § 1983. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). These two options "are mutually exclusive." Id. Thus, "if a claim can be properly raised in one of those proceedings[,] it cannot be raised in the other type of proceeding." Valle v. Sec'y, Fla. Dept. of Corr., 654 F.3d 1266, 1267 (11th Cir. 2011) (holding that the petitioner's constitutional claims about clemency procedures are collateral to his conviction and sentence and, thus, are not cognizable in a § 2254 proceeding and may only be brought under § 1983).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that, before a petitioner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider

the petition. 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. Lambrix v. Sec'y, Dep't of Corr., 872 F.3d 1170, 1180 (11th Cir. 2017). However, the term "second or successive" is not "self-defining" and does not necessarily "refer to all habeas applications filed second or successively in time." Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011). "[W]hen a petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive.'" Id. at 860. Further, where a petitioner seeks to challenge a different judgment than was challenged in the first § 2254 application, the application will not be deemed second or successive. Magwood v. Patterson, 561 U.S. 320, 332-34 (2010). "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

AEDPA further requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of the following dates including, in relevant part, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Statutory tolling applies when "a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, the district court did not err in finding that Edwards's petition challenging his three guilty-plea convictions amounted to an unauthorized successive petition. Edwards's petition dealt with the same convictions he had attacked in a prior § 2254 petition, his prior petition was dismissed as untimely, and he has not obtained authorization to file a successive petition. Thus, the district court properly concluded that Edwards's § 2254 petition concerning his three guilty-plea convictions was an unauthorized successive petition. See 28 U.S.C. § 2244(b).

Next, while the district court erred in finding that Edwards had filed an unauthorized successive petition concerning his two jury-trial convictions -- that prior petition was dismissed as unexhausted, which is insufficient to qualify as an adjudication on the merits, see Slack, 529 U.S. at 485-86 -- this error was harmless. For starters, Edwards does not argue that the district court erred in dismissing his challenge to his jury-trial convictions by erroneously concluding that unexhausted claims are not denied on the merits. Moreover, any § 2254 petition disputing his jury-trial convictions would now be time-barred. After the Georgia state court resolved his claims, Edwards waited roughly three years to file the instant petition for federal relief as to his jury-trial convictions, with no explanation to excuse his delay in filing or to demonstrate that he was entitled to equitable tolling. See

4

Edwards v. Sprayberry, No. 16-V-040 (Calhoun Super. Ct. Oct. 20, 2017). Because his claims are time-barred, we cannot offer him any relief.

Finally, as for Edwards's claims that the Parole Board unconstitutionally denied him parole, the district court did not err in denying these claims. As we held in Valle, a petitioner's constitutional claims about clemency procedures are collateral to his convictions and sentences and, therefore, cannot be brought in a § 2254 petition. Valle, 654 F.3d at 1267; see also Hutcherson, 468 F.3d at 754. Because the district court did not err in denying Edwards's Parole Board claims as not cognizable in a § 2254 petition, we need not address whether Edwards should have been barred from pursuing his claims under 28 U.S.C. § 1915 or whether his underlying constitutional claims held merit. Accordingly, we affirm the district court's denial of Edwards's § 2254 petition.[1]

**AFFIRMED**.

---

[1] As for Edwards's post-briefing motion for this Court to answer whether the state court judge was required under the Constitution to recuse himself from Edwards's state court cases, it is DENIED. Because, as we've held, Edwards is barred under AEDPA from raising these claims in successive petitions or in petitions filed outside the one-year statute of limitations, he cannot circumvent AEDPA by seeking review of the merits of these claims in this Court.