[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-15510
Non-Argument Calendar
_____

D. C. Docket No. 06-00657-CV-WS-C

LARRY HUTCHERSON,

Plaintiff-Appellant,

versus

BOB RILEY,
TROY KING,
DRAYTON NABORS,
SETH HAMMETT,
LUCY BAXLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 24, 2006)

Before BIRCH, DUBINA and WILSON, Circuit Judges.

DUBINA, Circuit Judge:

Before the court for review is Larry Eugene Hutcherson's ("Hutcherson") appeal from the district court's dismissal of his 42 U.S.C. § 1983 action, and a Motion to Stay his Execution pending appeal (Appeal No. 06-15510). Hutcherson filed his § 1983 complaint in district court 14 days prior to his scheduled execution date of October 26, 2006. On October 19, 2006, Hutcherson filed an Application for Leave to File a Successive Habeas Petition and a Motion to Stay (Appeal No. 06-15544), which we deny in a separate order. For the reasons that follow, we affirm the district court's order denying Hutcherson relief under § 1983, and we deny his concomitant Motion to Stay his Execution.

## I. BACKGROUND

A Mobile County, Alabama, jury originally convicted Hutcherson of capital murder occurring during the course of sodomy and burglary. The jury recommended a death sentence by a vote of 11-1. The circuit court followed the jury's recommendation and sentenced Hutcherson to death. In affirming Hutcherson's convictions and sentence, the Alabama Court of Criminal Appeals found the facts, in part, as follows:

> The state's evidence tended to show that on June 26, 1992, the body of 89-year-old Irma Thelma Gray was discovered in her home on Moffatt Road in Mobile, Alabama. The victim's throat had been cut so severely that she was almost decapitated. Dr. Leroy Riddick, a forensic medical examiner, testified that the cut on her throat was 10 inches long, beginning at her left earlobe and progressing to within one and one-half inch of her right earlobe. The cut severed her windpipe and her carotid artery and went all the way to her spine. The victim

2

had many other injuries that Dr. Riddick testified occurred before her throat was cut. These injuries, consistent with a beating, included numerous other cuts, bruises, and multiple fractured ribs. There was also evidence that the victim had been sodomized.

*Hutcherson v. State*, 677 So. 2d 1174, 1178 (Ala. Crim. App. 1994).

The Alabama Supreme Court reversed and remanded, holding that the admission of DNA evidence, without laying a proper foundation indicating that the testing laboratory performed generally accepted techniques, was error. *Ex parte Hutcherson*, 677 So. 2d 1205 (Ala. 1996). Upon remand, Hutcherson entered a plea of guilty to capital murder, and, upon recommendation of the jury, the circuit court again sentenced him to death. The appellate court affirmed. *Hutcherson v. State*, 727 So. 2d 846 (Ala. Crim. App. 1997). The Alabama Supreme Court affirmed, *Ex parte Hutcherson*, 727 So. 2d 861 (Ala. 1998), and the United States Supreme Court denied *certiorari* review. *Hutcherson v. Alabama*, 527 U.S. 1024, 119 S. Ct. 2371 (1999).

Subsequently, Hutcherson filed a post-conviction petition pursuant to Rule 32, Ala. R. Crim. P. in the circuit court. The State filed a petition for writ of mandamus, directing the Alabama Supreme Court to order the circuit court to dismiss Hutcherson's petition on jurisdictional grounds. The Alabama Supreme Court granted the mandamus petition. *Ex parte Hutcherson*, 847 So. 2d 386 (Ala. 2002). The circuit court denied the Rule 32 petition as untimely, and that adjudication was affirmed by both levels of Alabama appellate courts. *See*

*Hutcherson v. State*, 886 So. 2d 181 (Ala. Crim. App. 2003); *Ex parte Hutcherson*, 887 So. 2d 212 (Ala. 2004). Hutcherson filed a successive Rule 32 petition, arguing that the Alabama Death Penalty System is infirm because there is no provision for automatic appointment of counsel after direct appeals are exhausted, and because there is no provision for formal training of counsel in the intricacies of collateral proceedings in the state and federal systems. The circuit court dismissed this Rule 32 petition as time-barred and otherwise lacking merit. Hutcherson, who was represented by counsel in each of these Rule 32 proceedings, did not appeal.

Shortly before he filed his successive Rule 32 petition, Hutcherson filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. The claims Hutcherson raised in his federal habeas petition almost mirrored the claims raised in his second Rule 32 petition. In particular, Hutcherson contended that the Alabama Death Penalty Statute was unconstitutional because it did not provide for appointment of counsel for Rule 32 proceedings, did not train counsel in matters of federal collateral relief, and did not make sufficient funds available for retention of forensic, psychiatric and mitigation experts in post-conviction proceedings. On December 8, 2005, the district court entered an order dismissing Hutcherson's 28 U.S.C. § 2254 petition as untimely because the petition had not been filed within the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §

4

2244(d)(1), and finding that Hutcherson had failed to make any showing that might warrant equitable tolling. On appeal, this court denied Hutcherson's request for a Certificate of Appealability ("COA"). Hutcherson sought no further appellate review.

On June 27, 2006, defendant Attorney General Troy King filed a Motion to Set an Execution Date in the Alabama Supreme Court. The State served Hutcherson and his present counsel with notice of this motion. Hutcherson did not file any legal action or challenge to the State's motion. Attorney General King renewed his request for the setting of an execution date, as the court had taken no action in response to his earlier request. On September 25, 2006, the Alabama Supreme Court responded to the State's request and set October 26, 2006, as the date for Hutcherson's execution.

After having knowledge of the State's request of an execution date for over three months, Hutcherson, 14 days before his scheduled execution, filed a complaint in the federal district court pursuant to 42 U.S.C. § 1983 seeking injunctive relief. This action raised no new claims for relief, but instead, reiterated Hutcherson's arguments from his failed, untimely § 2254 petition and his successive Rule 32 petition. In particular, Hutcherson asserted that the Alabama Death Penalty Statute is constitutionally deficient in the following respects: "it fails to assure that properly trained counsel will be provided to indigent defendants" at

5

trial, appellate and post-conviction stages; it fails to provide Hutcherson with representation as a matter of right in his Rule 32 actions; it caps compensation for Hutcherson's Rule 32 counsel at $1,000, and there is no provision for hiring experts or investigators; certain "esoteric peculiarities" in the Alabama post-conviction system create traps for unwary, untrained counsel; after a death sentence is affirmed on direct appeal, "it provides no meaningful mechanism for seeking . . . a stay of the judgment pending a filing with the United States Supreme Court;" it does not toll the time for filing a Rule 32 petition during the time in which a petition for writ of certiorari could have been filed with the United States Supreme Court, leading to "confusion" in the filing of a Rule 32 petition; and it does not meet the minimum standards articulated in *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527 (2003). Based on these allegations, Hutcherson requested the district court find that his constitutional rights had been violated, strike down the Alabama Death Penalty Statute as unconstitutional, enjoin his execution, and enjoin the State from proceeding against Hutcherson pending appointment of *Wiggins*-compliant counsel.

The district court found that Hutcherson's complaint, unlike the petitioners complaints in *Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096 (2006), and *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117 (2004), did not challenge a specific method of execution, nor pose claims that could reasonably be characterized as an attack on the conditions of his confinement. Instead, the district

6

court found that Hutcherson's complaint was a broad-based attack on the structure and safeguards of the Alabama Death Penalty System. The district court found that this argument, if successful, would tend to undermine the validity of Hutcherson's conviction and sentence, rather than the conditions of confinement or the specific manner of his execution. Accordingly, the district court determined that Hutcherson's complaint falls squarely within the core of habeas corpus and, as such, is not cognizable under §1983.

The district court also denied Hutcherson's request for an injunction or stay of his execution because there is no meaningful likelihood that Hutcherson can succeed on the merits, and there is a strong presumption against granting a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay. The district court noted that Hutcherson's arguments in his § 1983 complaint are not new. These same contentions were the moving force behind Hutcherson's second Rule 32 petition filed in November 2004 and his § 2254 petition filed in August 2004. Thus, Hutcherson was fully aware of the factual and legal bases for his claims in the present action for more than two years before he filed suit. Accordingly, the district court found that these facts indicated that Hutcherson had been dilatory in pursuing his claims, and this equitable ground formed a separate basis for the denial of injunctive relief sought in Hutcherson's § 1983 complaint.

7

Hutcherson appealed the district court's denial of his § 1983 action to this court on October 20, 2006. We granted an expedited briefing schedule for the parties because of Hutcherson's pending execution date.

## II. DISCUSSION

An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: "a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Hill*, 126 S. Ct. at 2101. These avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action. *See Nelson*, 541 U.S. at 643, 124 S. Ct. at 2122 ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.").

The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. *Hill*, 126 S. Ct. at 2101. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars

affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254.  *Id.*  Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.  If the court determines that the claim does challenge the lawfulness of the inmate's conviction or sentence, then the court must treat the inmate's claim as raised under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim.  *See Nelson*, 541 U.S. at 643, 124 S. Ct. at 2122.

On appeal, Hutcherson frames his issue for review as: "The failure, in capital cases, of the State of Alabama to provide for representation in the manner set out in the American Bar Association Guidelines for the appointment and performance of counsel in death penalty cases constitutes a denial of Larry Hutcherson's rights to counsel as envisioned in the Sixth Amendment to the United States Constitution and Due Process of Law as envisioned in the Fifth and Fourteenth Amendments to the United States Constitution and is actionable under 42 United States Code § 1983."  This claim, although restated, is in essence the same claim Hutcherson raised in his first federal habeas petition.  The claim attacks the validity of Hutcherson's conviction and sentence, not the "circumstances of his confinement."  Hutcherson effectively asks the court to vacate his conviction and/or sentence on

constitutional grounds (ineffective assistance of counsel), provide him a new trial or second round of collateral appeals, and prevent the State from re-trying him until the Alabama Legislature adopts the ABA Guidelines for Counsel in Death Penalty Cases as binding in Alabama. Thus, a fair reading of Hutcherson's claim establishes that his claim is a habeas claim and not a civil rights claim under § 1983.

Because Hutcherson's § 1983 complaint is the functional equivalent of a habeas corpus petition, we consider whether Hutcherson can satisfy the procedural and exhaustion requirements set forth in AEDPA. Hutcherson fails to satisfy the requirements under 28 U.S.C. § 2244(b). *See* Court's Order denying Motion for Leave to File a Successive Habeas Petition entered on Oct. 24, 2006 (Appeal No. 06-15544).

Furthermore, we deny Hutcherson's motion for a stay of his execution pending appeal because Hutcherson cannot obtain relief on his § 1983 claim that is the functional equivalent of a habeas claim. Moreover, Hutcherson is not entitled to a stay based on the equities of his case. Hutcherson has waited until the eve of his execution to request relief in the form of an injunction or motion to stay. Hutcherson had knowledge of his pending execution date four months ago. Hutcherson's requested stay of execution is directly attributable to his own failure to bring his claims to court in a timely fashion. Since Hutcherson previously litigated the very claim he asserts on appeal of his § 1983 complaint, there is no

10

reasonable basis for his decision to wait ten months after the dismissal of his first habeas corpus petition to re-style his claim as a § 1983 action.  Accordingly, Hutcherson is not entitled to the equitable remedy of a stay of execution.

AFFIRMED; MOTION FOR STAY OF EXECUTION DENIED.