[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15320
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-01966-CV-TWT-1

TRACY ANTHONY MILLER,

                                                                Petitioner-Appellant,

versus

BUDDY D. NIX, JR.,
Chairman, Board of Pardons and Parole Member,
HILTON HALL, Warden,

                                                                Respondents-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 17, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Tracy Anthony Miller, a state prisoner, appeals pro se the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2241. Miller, who is a paraplegic, argued that the retroactive application of a Georgia statute, which denies parole to an inmate unless the Board of Pardons and Paroles is satisfied that the inmate "will be suitably employed in self-sustaining employment or that he will not become a public charge," Ga. Code Ann. § 42-9-42(c), violated his rights to due process and equal protection, the Ex Post Facto clause, and increased his punishment in violation of the Eighth Amendment. Miller also complained that the parole board had used false information to determine his eligibility for parole; he had received inadequate medical treatment; he had been mistreated and retaliated against by prison officials; he suffered unusual delays in sending and receiving mail; and he was denied access to legal materials. Miller asked the district court to order state officials to comply with federal law, expunge information from his prison files, and grant him a new parole hearing.

The district court dismissed sua sponte Miller's petition on the ground that his claims were cognizable only in a civil rights action, 42 U.S.C. § 1983, but later granted a certificate of appealability to address the merits of Miller's ex post facto argument. We vacated the order of the district court that granted Miller a

2

certificate of appealability and remanded the case for the court to determine if Miller could "challenge the denial of parole by the state parole board in a petition for a writ of habeas corpus" and if Miller had exhausted his state remedies. Miller v. Nix, No. 08-15320 (11th Cir. Apr. 23, 2009). On remand, the district court again dismissed Miller's petition and granted Miller a certificate of appealability on the two grounds listed in our opinion.

The district court did not err when it dismissed Miller's petition. The Supreme Court held in Wilkinson v. Dotson, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 1247–48 (2005), that a state prisoner may file a civil rights complaint instead of a habeas petition to challenge the constitutionality of procedures used to determine his eligibility for parole "where success in the action would not necessarily spell immediate or speedier release for the prisoner." Miller questions the constitutionality of a statute that allegedly restricts his eligibility for parole, a claim cognizable under section 1983. Because habeas and civil rights actions are mutually exclusive, Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006), the district court did not err by determining that Miller's claims cannot be brought in a petition for a writ of habeas corpus.

The dismissal of Miller's petition is **AFFIRMED**.