[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-11221
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00174-HLM

MARK KERLIN,

Petitioner-Appellant,

versus

TERRY BARNARD,
Chairman,
JAMES MILLS,
Vice Chairman,
BRAXTON COTTON,
Member,
BRIAN OWENS,
Member,
JACQUELINE BURN,
Member, State Board of Pardons
and Paroles,

Respondents-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2018)

Before JORDAN, BRANCH, and FAY Circuit Judges.

PER CURIAM:

Mark Kerlin appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, in which he alleged that Georgia officials unconstitutionally refused to consider whether he was eligible for parole. Mr. Kerlin argues that the district court erred by ruling that his claim was cognizable only under 42 U.S.C. § 1983 and by concluding that he was required to name his prison warden as a respondent. Mr. Kerlin also appeals the district court's denial of his motion for preliminary injunction and temporary restraining order. We affirm the district court on both issues.

We review the availability of habeas relief under § 2241 *de novo. See Dohrmann v. United States,* 442 F.3d 1279, 1280 (11th Cir. 2006). In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is limited to the issues specified in the certificate of appealability. *See Murray v. United States,* 145 F.3d 1249, 1250–51 (11th Cir. 1998). On May 22, 2018, we granted Mr. Kerlin a COA on one issue:

> Whether the district court erred by dismissing [Mr.] Kerlin's § 2241 petition, alleging that the Parole Board violated his due process rights by refusing to determine whether he was eligible for parole, by finding that such a

2

claim must be raised against the warden of his prison,
pursuant to § 1983.

We agree with the district court that Mr. Kerlin's claim—that Georgia
officials refused to determine his parole eligibility—is only cognizable under § 1983
for the same reasons set forth in *Miller v. Nix*, 346 F. App'x 422, 422–23 (11th Cir.
2009) and *Thomas v. McDonough*, 228 F. App'x 931, 931–32 (11th Cir. 2007),
which we find persuasive.

"An inmate convicted and sentenced under state law may seek federal relief
under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a
complaint under . . . 42 U.S.C. § 1983." *Hutcherson v. Riley,* 468 F.3d 750, 754
(11th Cir. 2006) (internal quotation marks and citation omitted). "[T]hese avenues
*are mutually exclusive*: if a claim can be raised in a federal habeas petition, that same
claim cannot be raised in a separate § 1983 civil rights action." *Id.* (emphasis
added). The converse is equally true, and the district court should dismiss a habeas
petition raising a claim available under § 1983. *See McNabb v. Comm'r Ala. Dept.
of Corr.,* 727 F.3d 1334, 1344 (11th Cir. 2013) (quoting *Hutcherson,* 468 F.3d at
754).

Mr. Kerlin's claim in this case—that Georgia officials failed to consider
whether he should be paroled—could be asserted under § 1983, and, therefore,
cannot be brought in a habeas petition. *Id.* Claims challenging the fact or duration
of an inmate's sentence "fall within the core" of habeas corpus. *Nelson v. Campbell,*

3

541 U.S. 637, 643 (2004) (internal quotation marks omitted).  By contrast, claims challenging the circumstances of confinement, but not the validity of an inmate's conviction or sentence, are properly raised under § 1983.  *See Hutcherson,* 468 F.3d at 754.  In *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court held that multiple prisoners' challenges to parole procedures were cognizable under § 1983, not habeas.  *Id.* at 82.  The Court reasoned that a habeas petition is not the appropriate avenue when success in the suit "*would not necessarily* spell immediate or speedier release for the prisoner."  *Id.* at 81 (emphasis in original).

Mr. Kerlin asserts that although "it is possible to bring such a claim under 42 U.S.C. § 1983" claims such as his "may also be raised with the challenge to the constitutionality of a conviction or sentence under 22 U.S.C. § 2254."  This argument is inconsistent with our use of "mutually exclusive" categories in *Hutcherson,* 468 F.3d at 754, though we acknowledge that other circuits have permitted challenges to parole procedures by state prisoners under §§ 2241 and 2254.  *See, e.g.*, *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210, 1215 (10th Cir. 2009) (under § 2241); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001) (under § 2254).

Like the claims in *Wilkinson*, success by Mr. Kerlin on his claim would not necessarily affect his release; Mr. Kerlin argues that he is entitled to consideration for parole, not parole itself.  In his brief, Mr. Kerlin acknowledges that he "does not

4

have a constitutional right to parole," and admits that "few certainties exist in decisions to parole . . . [which] is the Parole Board's discretion. . . ."  Therefore, the claim Mr. Kerlin brought in his habeas petition was cognizable under § 1983, and the district court properly dismissed the petition.  *See Hutcherson,* 468 F.3d at 754.

Accordingly, we affirm the district court's dismissal of Mr. Kerlin's habeas petition and the denial of Mr. Kerlin's motion for a preliminary injunction and temporary restraining order.  *See Scott v. Reynolds*, 612 F.3d 1279, 1289 (11th Cir. 2010).  Mr. Kerlin may, if he wishes, pursue a § 1983 action with respect to his parole claim.  We express no view on the appropriate disposition of such an action.

**AFFIRMED.**