[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11593
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22503-MGC

JEFFREY ALAN WEEKLEY,

Plaintiff-Appellant,

versus

HOWARD A. POHL,
ROBERT D. HERTZBERG, et al.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2019)

Before BRANCH, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jeffrey Alan Weekley, a Florida prisoner proceeding pro se, filed a § 1983

complaint in federal district court alleging *Brady* violations in his 1988 trial

proceedings and collusion between prosecutors and his post-conviction attorney in his 1993 post-conviction proceedings. The district court dismissed the complaint as time-barred and denied a motion for reconsideration, and Weekley now appeals.

I.

Weekley is a Florida prisoner serving a life-plus-135-years sentence for sexual battery, kidnapping, and aggravated battery. In 2005, we affirmed the denial of Weekley's amended § 2254 petition. *Weekley v. Sec'y for Dep't of Corr.*, 133 Fed. App'x 738 (11th Cir. 2005) (unpublished table decision). In 2016, we refused to grant authorization for a second or successive petition. In 2017, a judge of this Court refused to grant a certificate of appealability for Weekley to appeal the denial of a Rule 60(b) motion seeking relief from the § 2254 judgment. All of these filings appear to be variations on Weekley's recurring theme: that the state violated *Brady* in his trial proceedings by withholding information regarding one of its investigators, and that Weekley's post-conviction attorney colluded with the state to cover it up.

In the summer of 2017, Weekley filed a § 1983 complaint against two former assistant state's attorneys and his former post-conviction attorney, again alleging the *Brady* violations and coverup scheme. Weekley's complaint self-consciously noted that while it was styled as a § 1983 claim, this case was really one "where Plaintiff's § 2254 habeas corpus constitutional claims meet at the

2

intersection of §§ 1983, 1651, & 2201 litigation." And, indeed, the complaint stated that "[w]hether Plaintiff's claim is framed as a habeas petition or as a § 1983 action, what is sought is an equitable remedy"—specifically, that the court grant "an unconditional writ of habeas corpus" vacating his conviction and barring his reprosecution, or at least "remand with directions that the trial court conduct appropriate proceedings to protect [its] integrity from fraud perpetrated on [the] circuit court."

A magistrate judge recommended that the complaint be dismissed as time-barred based on Florida's four-year statute of limitations for personal injury claims. Weekley objected to the magistrate judge's report and recommendation—in part because Weekley believed the magistrate judge erred in treating his complaint as a § 1983 case instead of a Rule 60(b) or Rule 60(d) motion attacking the denial of his habeas petition—but the district court issued a brief order adopting the report and recommendation and dismissing with prejudice.

## II.

When "a claim can be raised in a federal habeas petition," that claim "cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). In deciding whether a claim belongs in the § 1983 or the habeas camp, the "line of demarcation" is "based on the effect of the claim on the inmate's conviction and/or sentence." *Id.* "Simply put, if the relief sought by

3

the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action." *Id.*  And once a court concludes that a claim is a habeas one, "it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim."  *Id.*[1]

Weekley's complaint raises the same *Brady* and *Brady* coverup claims that he has been raising for years.  In his own telling, "the relief sought" would "invalidate his conviction."  His complaint is therefore best construed as a second or successive habeas petition.  And—applying "the AEDPA's attendant procedural and exhaustion requirements"—Weekley's complaint must be dismissed for lack of jurisdiction because he did not receive our authorization to file it.  *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

We therefore **VACATE** the district court's dismissal with prejudice and **REMAND WITH INSTRUCTIONS** to dismiss for lack of jurisdiction.

---

[1] Although Weekley's conviction became final before AEDPA's passage in 1996, we have held that AEDPA's rules for second or successive petitions apply even where a prisoner seeks "to amend a judgment that became final before the effective date of the amendments." *E.g.*, *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996).