[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15194
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24057-JAL

JERALD GIPSON,

                                                              Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2019)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jerald Gipson, a Florida prisoner serving a 25-year sentence after pleading guilty to sexual battery and robbery with aggravated assault, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as an unauthorized second or successive petition.  After review,[1] we affirm.

On appeal, Gipson does not specifically challenge the district court's decision to dismiss his petition as second or successive, instead arguing the merits of his claims as set forth in the petition.  Specifically, he argues that: (1) his guilty plea was not knowing and voluntary because he was under the influence of mind-altering drugs; (2) his attorney misadvised him that he would only serve two to three years in prison; and (3) he is entitled to an evidentiary hearing on the voluntariness of his plea.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner who wishes to file a second or successive habeas petition must move us for an order authorizing the district court to consider such a petition before filing the petition in the district court.  *See* 28 U.S.C. § 2244(b)(3)(A).  The Supreme Court has stated that the petitioner must also receive such authorization prior to filing a successive habeas petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  Absent our authorization, district courts lack

---

[1] We review *de novo* whether a petition for a writ of habeas corpus is second or successive.  *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017).

2

subject matter jurisdiction to consider successive § 2254 petitions.  *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Here, Gipson's petition was second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred.  *See Hutcherson v. Riley*, 468 F.3d 750, 754-55 (11th Cir. 2006) (explaining that a petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254 petition is dismissed as untimely).  Because he failed to seek authorization from us before filing his successive petition, the district court properly dismissed it.  Accordingly, we affirm.[2]

**AFFIRMED**.

---

[2] Also pending before us are three unopposed motions filed by Gipson: two for leave to amend his underlying § 2254 petition, and one for appointment of counsel on appeal.  As to the motions for leave to amend, Gipson seeks to raise a new challenge to his Florida conviction, arguing his sentence was improperly enhanced based on a prior juvenile conviction.  The motions for leave to amend are DENIED, as the relief Gipson seeks—amendment of his underlying petition—is not properly sought from this Court.  The motion for appointment of counsel is DENIED AS MOOT.