[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13178

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE MANUEL HERNANDEZ-MIRANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:98-cr-00436-RAL-TGW-4

_____

2                         Order of the Court                    21-13178

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Manuel Hernandez-Miranda, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  The government, in turn, moves for summary affirmance and a stay of the briefing schedule. In response, Hernandez-Miranda argues that he established extraordinary and compelling reasons for purposes of § 3582(c)(1)(A) and that the 18 U.S.C. § 3553(a) factors warrant granting his motion.  He also moves a second time for the appointment of counsel.[2]

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

---

[1] Hernandez-Miranda is serving three consecutive terms of life imprisonment following his convictions for conspiracy to distribute methamphetamine, murder in aid of racketeering activity (two counts), and causing death in the course of using a firearm during and in relation to a drug-trafficking crime (two counts).

[2] A judge of this Court previously denied Hernandez-Miranda's initial motion for appointment of counsel.

21-13178                Order of the Court                3

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We grant the government's motion for summary affirmance because it is clearly correct as a matter of law.  Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[4]  "The 'applicable policy statement[ ]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a

---

[3] Decisions decided by the former Fifth Circuit before October 1, 1981, are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).

term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13).    Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13.  *Id.* (quotation marks omitted).  If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements.  *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13, and we have held that "district courts are bound by" this definition.  *See* U.S.S.G. § 1B1.13 cmt. (n.1); *see also Bryant*, 996 F.3d at 1247, 1262–63.  Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least

65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

Hernandez-Miranda does not argue that he meets the extraordinary and compelling reasons as defined under U.S.S.G. § 1B1.13. Instead, he argues that § 1B1.13 is not binding, and courts have discretionary authority to determine what constitutes an extraordinary and compelling reason. He asserts that he demonstrated extraordinary and compelling reasons based on the following: (1) he was sentenced to life imprisonment for acts he committed as a juvenile, in violation of *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders");[5] (2) if he was sentenced today, he

---

[5] We note that previously Hernandez-Miranda sought permission to file a second or successive 28 U.S.C. § 2255 motion to vacate sentence to raise his *Miller*-based challenge, and we denied his request, noting that *Miller* did not

6                          Order of the Court                          21-13178

would not be subject to "stacked" consecutive sentences under 18 U.S.C. § 924(c); (3) his indictment was multiplicitous; (4) he contracted COVID-19 in 2020, and the prison provided inadequate medical care related to COVID-19 outbreaks; (5) the conditions of his confinement are unduly harsh and violate the Eighth Amendment; and (6) he has a low I.Q.

Hernandez-Miranda's argument that § 1B1.13 is not binding and that courts have the discretion to determine what constitutes extraordinary and compelling reasons is foreclosed by binding precedent. *Bryant*, 996 F.3d at 1262. And none of Hernandez-Miranda's asserted reasons satisfy the criteria of § 1B1.3.[6] Thus, the district court did not err in concluding that Hernandez-Miranda

---

benefit him because "he was not a minor when he committed the conduct giving rise to his convictions. He was an adult."

[6] Although Hernandez-Miranda asserted that he contracted COVID, he did not allege that he suffered from any underlying health conditions that increased his risk of death or serious physical injury from COVID, or that he suffers from any lasting effects of the disease "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13 cmt. (n.1(B)).

To the extent that Hernandez-Miranda seeks to challenge his conditions of confinement, including alleged inadequate medical care, § 3582(c) is not the proper vehicle to do so. Rather, such claims are properly raised in a civil rights action under 42 U.S.C. § 1983. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

"failed to set forth extraordinary and compelling reasons justifying his entitlement to compassionate release."

Accordingly, because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," we GRANT the government's motion for summary affirmance. *Groendyke Transp.*, 406 F.2d at1162.

We DENY as moot the government's request to stay the briefing schedule and Hernandez-Miranda's second motion for appointment of counsel.