[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13591

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTY DALE SHELL,
a.k.a. Christy Schell,
a.k.a. Karen Miller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:17-cr-10019-KMM-1

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Christy Dale Shell, a federal prisoner proceeding *pro se*, appeals the district court's denial of her motion for compassionate release. In denying the motion, the district court found that Shell had failed to show that extraordinary and compelling reasons or the 18 U.S.C. § 3553(a) factors supported her release. On appeal, Shell argues that the district court erred because: (1) the government conceded that her medical conditions were extraordinary and compelling reasons for a sentence reduction; (2) the court improperly weighed the Section 3553(a) factors without supporting evidence; and (3) the Federal Bureau of Prisons did not adequately treat her conditions to the point of cruel and unusual punishment. The government responds by moving for summary affirmance of the district court's order and to stay the briefing schedule in the alternative. After careful consideration, we conclude that summary affirmance is appropriate and grant the government's motion.

## I.    BACKGROUND

In 2017, Shell pleaded guilty to a single count of conspiracy to possess fentanyl and other controlled substances with intent to distribute. The district court sentenced her to 235 months' imprisonment to be followed by three years of supervised release.

In September 2020, Shell filed a motion for compassionate release, arguing that a series of medical conditions increased her

risk of death or severe illness from COVID-19. The motion also contended that the Federal Bureau of Prisons' COVID-19 policies amounted to cruel and unusual punishment. The government agreed that Shell's conditions established "extraordinary and compelling reasons" for purposes of U.S.S.G. § 1B1.13. It nonetheless opposed Shell's motion, arguing that she had failed to show that she was not a danger to the community or otherwise merited compassionate release under the 18 U.S.C. § 3553(a) factors. Shell filed two addendums claiming that she suffered from new medical problems and that her existing problems had worsened, but she did not provide any new medical records to support her claims. Shell also received the first dose of the Pfizer COVID-19 vaccine in August 2021.

On September 27, 2021, the district court denied Shell's motion. The court acknowledged the government's initial concession but explained that Shell had since received a dose of the COVID-19 vaccine, which it found to have substantially diminished her risk from COVID-19. This new fact, the court found, rendered Shell's conditions less than "extraordinary and compelling reasons" for compassionate release. The court also found that the Section 3553(a) factors weighed strongly against granting Shell's motion, citing: (1) her "substantial criminal history"; (2) the seriousness of her instant conviction; (3) the need to deter criminal conduct; and (4) the need to avoid unwarranted sentencing disparities. As to Shell's addenda, the court explained that she had neither provided additional medical evidence to support her new contentions nor

demonstrated that she had exhausted her administrative remedies. Shell timely appealed.

## II.    STANDARD OF REVIEW

We review a district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

## III.    DISCUSSION

We begin with a note on Shell's *pro se* status. Although *pro se* filings are liberally construed, all litigants must comply with the applicable procedural rules, and we will not serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading to sustain an action. *See United States v. Padgett*, 917 F.3d 1312, 1316 n.3, 1317 (11th Cir. 2019).

Turning to the merits of Shell's claim, "[a] district court abuses its discretion when it applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination," or makes "clearly erroneous" factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015) (internal quotations omitted). In the context of compassionate release, after a prisoner exhausts her administrative remedies a district court "may reduce the term of imprisonment . . . after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable if it finds that—

extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Based on this language, we have held that a court "may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so would not endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The court may consider the three elements in any order, and the absence of any one of them forecloses a sentence reduction. *See id.* at 1237–38.

We start and end with the "extraordinary and compelling" element. It is the prisoner's burden to show that her circumstances warrant a reduction under Section 3582(c)(1)(A)(i), and we are not bound to accept the government's concessions. *See United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009). The United States Sentencing Commission's policy statement explains that a prisoner's medical condition can be an extraordinary and compelling reason to the extent that it reflects a terminal illness or a serious condition substantially diminishing her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). We have held that the policy statement does not "grant discretion to courts to develop other reasons that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). We have also held that a district court does not abuse its discretion by denying

compassionate release to an inmate with medical conditions that may increase the risk of death or severe medical complications due to COVID-19 where the inmate's conditions are manageable in prison. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (no abuse of discretion where the district court, after adopting the government's response in full, found no extraordinary and compelling reason for release because the inmate's high cholesterol, high blood pressure, and coronary artery disease "were manageable in prison, despite the existence of the COVID-19 pandemic").

These precedents foreclose Shell's claim because the district court found that her medical conditions were being adequately managed in prison, especially in the light of her vaccination. *See id.* Specifically, Shell conceded that the Bureau had provided her medication to treat her melanoma, hormone imbalance, neurological disorders, and asthma, which is consistent with the district court's finding that those conditions did not substantially diminish her ability to provide self-care. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Shell's claim that the Bureau mistreats inmates does not convert concededly managed medical conditions into "extraordinary and compelling" reasons for release. A compassionate release motion is an improper vehicle for raising constitutional claims. *Cf. Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983."

(cleaned up)). Finally, we agree with the district court that, having failed to provide additional medical documentation or show the exhaustion of her administrative remedies, we cannot consider the allegations of new conditions in Shell's addenda.

## IV.    CONCLUSION

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). As we have explained above, this appeal presents just such a circumstance. Thus, the government's motion for summary affirmance is **GRANTED** and its motion to stay the briefing schedule is **DENIED** as moot.