[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13872

Non-Argument Calendar

_____

NEIL WALKER,

Petitioner-Appellant,

*versus*

MICHAEL CRESPI,
Ex Judge,
FRANCES H. SMITH,
Ex Attorney,
JEFF SESSIONS,
Ex Attorney General,
SUE BELL COBB,
Ex Judge,
WILLIAM RICHARD MOEGLIN,

2                    Opinion of the Court                    22-13872

Ex Court Reporter, et al.,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:22-cv-00515-WHA-SMD

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Neil Walker, an Alabama prisoner proceeding *pro se*, filed a complaint in this action; the district court construed it as a petition for habeas corpus filed under 28 U.S.C. § 2254. Because Walker previously filed a § 2254 petition and failed to obtain authorization from this Court before filing his current one, the district court concluded that it lacked subject matter jurisdiction and dismissed the case. After careful consideration, we affirm.

**I.**

In 1994, Walker was convicted in Alabama of murder and sentenced to life imprisonment. Since then, Walker has filed several § 2254 habeas petitions in federal court, challenging the validity of his conviction and sentence. In 2001, Walker filed his first § 2254 petition in federal court. The district court determined that Walker

was entitled to no relief on any of his claims and denied the petition.

Walker then filed several other habeas petitions challenging his conviction or sentence. He filed another petition in 2010. Because Walker failed to obtain prior authorization from this Court before filing the petition, the district court concluded that it was an unauthorized second or successive petition and dismissed it. Walker filed additional petitions in 2014, 2015, and 2016. The district court determined that those petitions, too, were unauthorized second or successive petitions and dismissed them.

In 2022, Walker filed this action in federal district court. He initiated the action by completing a form used by *pro se* litigants seeking to bring claims under 42 U.S.C. § 1983 and filing it with the court. In the form complaint, Walker alleged that the judge in his criminal case originally sentenced him to a term of imprisonment for a "natural life" but later changed the sentence to "life sentence." Doc. 1 at 6.[1] Claiming that this change violated his constitutional rights, Walker asked the district court to declare his life sentence "void." *Id.* at 7.

A magistrate judge reviewed Walker's complaint and submitted a recommendation. Although the complaint stated that Walker was proceeding under § 1983, the magistrate judge recharacterized the complaint as a habeas petition brought under 28 U.S.C. § 2254 because Walker was challenging the state court

---

[1] "Doc." numbers refer to the district court's docket entries.

judgment under which he was imprisoned. The magistrate judge then recommended that the district court dismiss the petition as an unauthorized second or successive petition.

Walker objected to the recommendation, arguing that the magistrate judge erred in recharacterizing his complaint brought under § 1983 as a § 2254 habeas petition. The district court over-ruled the objection, adopted the magistrate judge's recommendation, and dismissed the case. This is Walker's appeal.

## II.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

## III.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires that be-fore a prisoner in custody pursuant to a state court judgment can file a "second or successive" federal habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a prisoner fails to obtain such prior authorization before filing a second or successive application, the district court must dismiss the petition for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). To determine whether a petition is second or successive, we look to whether the prisoner previously filed a federal habeas petition challenging the same

judgment. *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278–79 (11th Cir. 2014).

Walker argues that the district court erred by recharacterizing his complaint as a habeas petition filed under § 2254. We disagree.

A prisoner "convicted and sentenced under state law may seek federal relief under two primary avenues:" either a petition for habeas corpus pursuant to 28 U.S.C. § 2254 or a complaint pursuant to 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). These two avenues are "mutually exclusive," meaning "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.*

"The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the [prisoner's] conviction and/or sentence." *Id.* When a prisoner "challenges the circumstances of his confinement but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983." *Id.* (internal quotation marks omitted). In contrast, when a prisoner raises "any challenge to the lawfulness of confinement or the particulars affecting its duration, his claim falls solely within the province of habeas corpus under § 2254." *Id.* (alteration adopted) (internal quotation marks omitted). As the Supreme Court recently explained, when a prisoner seeks an "immediate or speedier release from prison," he is challenging the validity of his conviction or sentence and proceeding under § 2254. *Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022)

(internal quotation marks omitted). Accordingly, the prisoner must comply with AEDPA's procedural requirements, including its bar on second or successive petitions. *Id*. When deciding whether a *pro se* prisoner's claim should be characterized as a § 2254 habeas petition or a civil action under § 1983, "[f]ederal courts are obligated to look beyond the label" attached to the filing. *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

Although Walker labeled his complaint as a claim under § 1983, the district court properly recharacterized it as a § 2254 habeas petition. In the complaint, Walker attacked the duration of his sentence and sought a speedier release from confinement. As a result, his claim was subject to AEDPA's procedural requirements, including the bar on second or successive petitions. *See Hutcherson*, 468 F.3d at 754. Because Walker did receive authorization from this Court before filing the petition, the district court properly dismissed the petition as an unauthorized successive § 2254 petition. *See Farris*, 333 F.3d at 1216.

**AFFIRMED.**