[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11507

Non-Argument Calendar

_____

LINDA MICHAEL,

Plaintiff-Appellant,

*versus*

GOVERNOR OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cv-00057-WS-MAF

_____

2                      Opinion of the Court                      24-11507

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Linda Michael appeals the district court's order dismissing her pro se civil rights complaint, filed under 42 U.S.C. § 1983. Her complaint alleged that her life sentence, imposed by a Florida court for the crime of second-degree murder, was unconstitutional. She also alleged that Florida Governor Ron DeSantis violated her constitutional rights by denying her request for clemency, thereby enforcing her unconstitutional sentence.

We affirm the dismissal of Michael's complaint for failure to state a claim. *See* 28 U.S.C. § 1915A. Her challenges to the validity or duration of her state sentence of imprisonment must be raised in a habeas petition under 28 U.S.C. § 2254; they are not cognizable in a § 1983 action.[1] *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

To the extent that Michael's complaint included a due process challenge to Florida's clemency procedures—a claim that *is* cognizable under § 1983—she abandoned that claim by omitting it from her brief on appeal. *See Barwick v. Governor of Florida*, 66 F.4th 896, 900–02 (11th Cir. 2023); *Timson v. Sampson*, 518 F.3d 870, 874

---

[1] We note that Michael has already filed a § 2254 petition, which the district court considered and denied on the merits in 2003. *Michael v. Moore*, No. 2:02-cv-14056, (S.D. Fla. Dec. 18, 2003). The claims raised in her current § 1983 complaint do not meet the requirements for a second or successive federal habeas petition. *See* 28 U.S.C. § 2254(d).

24-11507               Opinion of the Court                    3

(11th Cir. 2008).  And in any event, clemency procedures that "do no more than confirm that the clemency and pardon powers are committed, as is our tradition, to the authority of the executive" do not violate due process.  *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 276 (1998).

**AFFIRMED.**