**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10071

Non-Argument Calendar

————————————

CHRISTOPHER D. MCCUMSEY,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00203-LC-ZCB

————————————

Before JORDAN, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Christopher McCumsey, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his civil action in which

he sought to challenge the constitutionality of his criminal prosecution, conviction, and incarceration. In district court, McCumsey argued that Chapters 794 and 800 of the Florida Statutes were not enacted in 1974 according to the Florida Constitution and procedural laws, so his statutes of conviction were void and illegal. McCumsey insisted that he was not filing a habeas corpus petition under 28 U.S.C. § 2254, and only wished to have the question of the constitutionality of the statutes certified to Florida's attorney general pursuant to 28 U.S.C. § 2403. He claimed that the district court had jurisdiction under 28 U.S.C. §§ 1331 and 1334. The district court dismissed the action for lack of subject-matter jurisdiction after agreeing with a magistrate judge that McCumsey's constitutional challenges to his conviction were only cognizable under § 2254. On appeal, McCumsey argues again that Chapters 794 and 800 were not validly enacted and published, in violation of his right to due process, and adds that the district court had subject-matter jurisdiction through Rule 5.1 and Article III of the United States Constitution. After thorough review, we affirm.

We review questions of jurisdiction de novo. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). When an order is dismissed for lack of subject-matter jurisdiction, it does not constitute as "a final order in a habeas corpus proceeding" within the meaning of 28 U.S.C. § 2253(c), so no certificate of appealability is required for us

to review this appeal. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004); 28 U.S.C. § 2253(c)(1)(A).

Pro se pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, we are not entitled to serve as de facto counsel to a pro se party or to rewrite deficient pleadings. *Id.* at 1168–69. Pro se litigants still must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The Constitution provides that the Judiciary's power extends to all "Cases" and "Controversies" that arise under, among other things, the Constitution and the laws of the United States. U.S. Const art. III, § 2. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citation modified).

The Federal Rules of Civil Procedure provide that any party who files a pleading that challenges "the constitutionality of a . . . state statute" must (1) file "a notice of constitutional question" that states the question and identifies "the paper that raises it" if "a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity," and (2) serve the notice and paper on the state attorney general. Fed. R. Civ. P. 5.1(a)(1)-(2). Rule 5.1 further provides that

the district court must, under § 2403, certify to the appropriate attorney general that a statute has been questioned. *Id.* 5.1(b). Section 2403(b) of Title 28 of the U.S. Code provides that, in any federal court "action, suit or proceeding" in which the constitutionality of a state statute "affecting the public interest is drawn into question," and where neither that state nor any of its agencies, officers, or employees is a party, the federal court "shall certify such fact to the attorney general" of the state and permit the state "to intervene for presentation of evidence . . . and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

Section 1331 of Title 28 of the U.S. Code provides the district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Section 1331 itself "does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions." *Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951). Section 1334 of Title 28 of the U.S. Code provides district courts with "original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

When a prisoner raises any challenge to the "lawfulness" of his conviction and sentence or seeks relief that would either invalidate his conviction or sentence or change the duration of his sentence, he must file a habeas corpus petition pursuant to § 2254.

*Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, when state prisoner is challenging "the very fact or duration of his physical imprisonment," his sole federal remedy is writ of habeas corpus).

Here, the district court properly dismissed McCumsey's claim for lack of subject-matter jurisdiction, and none of the authorities McCumsey cites gave the district court jurisdiction over the case. For starters, § 1334 pertains to a district court's jurisdiction over bankruptcy cases so it is factually inapplicable to this case. *See* 28 U.S.C. § 1334(a), (b). Further, as for § 2403, § 2403 permits the state to intervene in actions involving the constitutionality of a state statute when it is not a party to the action, but McCumsey already had named the State of Florida as a party-opponent. Fed. R. Civ. P. 5.1(a)(1)–(2); 28 U.S.C. § 2403(b). As for McCumsey's arguments concerning Rule 5.1 and Article III of the U.S. Constitution, neither Rule 5.1 nor Article III independently establishes subject-matter jurisdiction for the district court.

Finally, as for § 1331, the statute itself does not create causes of action, but only establishes jurisdiction to adjudicate those arising from other sources that satisfy its limiting provisions. *Montana-Dakota Utils.*, 341 U.S. at 249. The district court correctly found that the only statutory source for McCumsey's claim would be § 2254 because he is necessarily asserting a federal constitutional challenge to the validity of his convictions and sentence based on due process and equal protection. However, McCumsey specifically has insisted that he is *not* proceeding under § 2254, so § 1331

has not been implicated. *Hutcherson*, 468 F.3d at 754; *Preiser*, 411 U.S. at 500.

Accordingly, the district court properly dismissed McCumsey's claim because: (1) his claim can only be brought as § 2254 petition and (2) he clearly stated his intention to *not* move forward with a § 2254 petition and did not otherwise put forth a valid basis for federal jurisdiction over his action. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247. We affirm.

**AFFIRMED.**