**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13530

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL ERIC COBBLE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:14-cr-00077-CDL-CHW-1

_____

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Cobble, proceeding pro se, appeals the district court's order affirming the magistrate judge's order denying 13 of his miscellaneous motions, in which he had sought (1) the return of filing

fees he had sent to other courts, (2) an order that the U.S. Marshal's Service confiscate his cellmate's cellphone, (3) an order that the Bureau of Prisons ("BOP") give him new personal items, buy him eyeglasses, and return his property that was confiscated during his confinement, and (4) an order to hold a hearing on his motions and issuing subpoenas.  On appeal, he argues that the district court erred in denying his motion seeking the return of his personal property under Federal Rule of Criminal Procedure 41(g), that he was not using the rule to get around the requirement that he instead seek relief in a civil action, and that, if the government lost, destroyed, damaged, or stole his property, they must replace it with the "same stuff."  The government, in turn, has moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).  An appeal is frivolous if it has no "arguable merit in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir 2001).

"The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir.

2002).  A federal court has no authority to give opinions on moot questions "or abstract propositions, or to declare principles or rules of law which cannot affect the matter" at issue in the case before it. *Harrell v. Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577, 593-94 (11th Cir. 2013) (quotation marks and citation omitted).  "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed."  *Fla. Ass'n of Rehab. Facilities v. Florida Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, a court may not "serve as de facto counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action.  *Id*. at 1168-69.

Claims that involve the circumstances of a defendant's confinement but not the validity of their conviction or sentence are properly raised under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Here, the government is clearly correct as a matter of law. First, the district court was correct that Cobble's motion to confiscate his cellmate's cellphone was moot because he himself conceded in a later filing that the cellphone had been found by prison officials. *See, e.g.*, *Atheists of Fla., Inc.*, 713 F.3d at 593-94; *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217. Second, the district court was correct that Cobble's motions regarding filing fees paid to separate courts were frivolous because those concerns can only be addressed by the courts to which he sent the filing fees. Third, the district court was correct that Cobble's motions seeking the return of personal property were frivolous because such claims can only be raised in a civil rights action under § 1983, and he could not use Rule 41(g) to seek such relief in his criminal case. *See Riley*, 468 F.3d at 754. Finally, because Cobble's requests for the court to compel the BOP to take action relating to his confinement, including his requests to compel the BOP to return his property, to provide him with clothes and a mattress, and to take him to purchase prescription eyeglasses, do not challenge the validity of his conviction or sentence, they were matters outside the scope of the criminal case, were not cognizable on habeas review, and therefore, the district court was correct that they could not be considered. *See Bilal*, 251 F.3d at 1349.

**AFFRIMED.**